FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 17, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS M.,[1] | No. 1:20-cv-03167-MKD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| | ECF Nos. 17, 21 |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 17, 21. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 17, and grants Defendant's motion, ECF No. 21.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

ORDER - 2

416.920(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

ORDER - 3

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC),

ORDER - 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER - 5

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On October 17, 2017, Plaintiff applied for Title XVI supplemental security income benefits alleging a disability onset date of May 12, 2016.[2]  Tr. 15, 124, 237-42.  The application was denied initially, and on reconsideration.  Tr. 160-63, 167-73.  Plaintiff appeared before an administrative law judge (ALJ) on March 11, 2020.  Tr. 78-96.  On March 30, 2020, the ALJ denied Plaintiff's claim.  Tr. 12-36.

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 17, 2017.  Tr. 17.  At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc and spinal disease; obesity; personality disorder; generalized

---

[2] Plaintiff previously applied for SSI benefits on August 8, 2013; the application resulted in an ALJ denial on April 29, 2016, Tr. 97-117, and the Appeals Council declined to review the decision on August 16, 2017, Tr. 118-23.  In the current case, Plaintiff amended the alleged onset date to October 17, 2017, Tr. 86, however the ALJ does not address the amended date.

ORDER - 6

anxiety disorder; depressive disorder; post-traumatic stress disorder (PTSD); and substance abuse disorder.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 18.  The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can occasionally climb ramps and stairs, and he can never climb ladders, ropes, or scaffolds.  He can frequently balance and occasionally stoop, kneel, crouch, and crawl.  He must avoid concentrated exposure to vibrations, hazardous machinery, and working at unprotected heights.  He can understand, remember, and carry out simple instructions, exercise simple workplace judgment, and perform work that is learned on the job within 30 days by short demonstration and practice or repetition.  He can respond appropriately to supervision but should not be required to work in close coordination with coworkers in a team-work setting.  He can sustain occasional changes in the work environment and can do work that requires no interaction with the general public to perform work tasks- however, this does not preclude work in an environment where the public is present.

Tr. 20.

At step four, the ALJ found Plaintiff is unable to perform any of his past relevant work.  Tr. 30.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as production assembler, marker, and cleaner, housekeeping.  Tr. 31.  Therefore, the ALJ concluded Plaintiff was not under a

ORDER - 7

1  disability, as defined in the Social Security Act, from the date of the application

2  through the date of the decision.  *Id.*

3      On August 13, 2020, the Appeals Council denied review of the ALJ's

4  decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for

5  purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

6                                **ISSUES**

7      Plaintiff seeks judicial review of the Commissioner's final decision denying

8  him supplemental security income benefits under Title XVI of the Social Security

9  Act.  Plaintiff raises the following issues for review:

10     1.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

11     2.  Whether the ALJ properly evaluated the medical opinion evidence.

12  ECF No. 17 at 2.

13                             **DISCUSSION**

14  **A. Plaintiff's Symptom Claims**

15     Plaintiff faults the ALJ for failing to rely on reasons that were clear and

16  convincing in discrediting his symptom claims.  ECF No. 17 at 4-10.  An ALJ

17  engages in a two-step analysis to determine whether to discount a claimant's

18  testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

19  "First, the ALJ must determine whether there is objective medical evidence of an

20  underlying impairment which could reasonably be expected to produce the pain or

ORDER - 8

other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that

ORDER - 9

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 21.

*1. Inconsistent Objective Medical Evidence*

The ALJ found Plaintiff's symptom claims were inconsistent with the objective medical evidence.  Tr. 21-25.  An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.

1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

First, the ALJ found that Plaintiff's reported symptoms related to his physical impairments were not as severe as he claimed.  Tr. 21-23.  Imaging has shown largely stable spinal impairments, with mild to moderate findings.  Tr. 21-22 (citing Tr. 523, 598, 605-06, 736).  Plaintiff has generally had normal gait, sensation, motor strength, and reflexes, as well as negative straight leg raise tests, and no tenderness, though he has had mild tenderness, and decreased range of motion at some appointments.  Tr. 22-23 (citing, e.g., Tr. 356, 387, 572, 597, 735, 857).  As discussed *infra*, Plaintiff also had intermittent treatment, often for acute issues, and he reported improvement with treatment.  Tr. 22-23, 750, 842-46.

Second, the ALJ found Plaintiff's symptom claims regarding his mental health symptoms were not as severe as he claimed.  Tr. 23-25.  Plaintiff has generally had normal mental status findings, including normal mood, affect, speech, behavior, attention, concentration, memory, and eye contact, though he at times appeared anxious or depressed.  *Id.* (citing, e.g., 568, 577, 582-83, 597, 603).  Plaintiff reported some abnormal thoughts at his DSHS evaluation, he had a

slightly dysthymic affect, and limited insight but intact judgment, but he otherwise

had a normal examination.  Tr. 24 (citing Tr. 552-56).  As discussed *infra,* Plaintiff

also sought limited treatment for his symptoms and had improvement with

treatment.  Tr. 24-25, 797.  On this record, the ALJ reasonably found Plaintiff's

symptom claims were inconsistent with the objective evidence.  This was a clear

and convincing reason, along with the other reasons offered, to reject Plaintiff's

symptom claims.

### 2. Improvement with Treatment

The ALJ found Plaintiff's symptom claims were inconsistent with his

improvement with treatment. Tr. 22-23, 25.  The effectiveness of treatment is a

relevant factor in determining the severity of a claimant's symptoms.  20 C.F.R. §

416.913(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th

Cir. 2006); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable

response to treatment can undermine a claimant's complaints of debilitating pain or

other severe limitations).

First, the ALJ found Plaintiff had improvement in his physical symptoms

with treatment.  Tr. 22-23.  Plaintiff reported improvement from osteopathic

manipulation, Tr. 22 (citing Tr. 747, 750); reported improvement in his pain with

physical therapy, Tr. 23 (citing Tr. 795); and reported some improvement with

medication and trigger point injections, Tr. 23 (citing Tr. 838-39, 843).  After

ORDER - 12

trigger point injections and taking methocarbamol, Plaintiff reported his pain was only a two on a scale of one to ten. Tr. 843. Plaintiff reported he previously tried cyclobenzaprine with modest relief. Tr. 835. Plaintiff has also stated he uses marijuana daily to manage his pain, which he finds helpful, although it does not fully relieve the pain. Tr. 86-87, 348, 443, 839. The ALJ reasonably found Plaintiff had improvement in his physical symptoms with treatment.

Second, the ALJ found Plaintiff had improvement in his mental health symptoms with treatment. Tr. 23. Plaintiff reported improvement in his sleep with medication, Tr. 348; reported using marijuana to manage his anxiety, Tr. 480; and reported improvement in his depression symptoms with medication, but he requested an increase in the dosage, Tr. 792. Plaintiff's provider noted in July 2019 that Plaintiff's psychological condition was improving with treatment, and his major depressive disorder was labeled as "in full remission." Tr. 800. In August 2019, Plaintiff reported significant improvement after adding buspirone to his antidepressant regimen, although he had ongoing interpersonal difficulties. Tr. 801. Plaintiff also reported his Adderall helps with his ADHD symptoms but wears off after six hours, and he requested to switch to extended-release medication. *Id.* Plaintiff's provider attributed his interpersonal difficulties to Plaintiff's immature coping skills and encouraged counseling to work on these skills. Tr. 804. Plaintiff reported ongoing anxiety and paranoia with medication.

ORDER - 13

Tr. 805.  Plaintiff argues that the ALJ erred because despite some improvement, he had ongoing symptoms including agitation and aggression, and he was encouraged to seek further treatment.  ECF No. 17 at 9.  However, the ALJ reasonably found that despite some ongoing symptoms, Plaintiff had improvement with treatment. This was a clear and convincing reason to reject Plaintiff's symptom claims.

### 3.  Lack of Treatment

The ALJ found Plaintiff's symptom claims were inconsistent with his lack of treatment.  Tr. 23-25.  An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be considered when evaluating the claimant's subjective symptoms.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  Evidence of a claimant's self-limitation and lack of motivation to seek treatment are appropriate considerations in determining the credibility of a claimant's subjective symptom reports.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001); *Bell-Shier v. Astrue*, 312 F. App'x 45, *3 (9th Cir. 2009) (unpublished opinion) (considering why plaintiff was not seeking treatment). When there is no evidence suggesting that the failure to seek or participate in treatment is attributable to a mental impairment rather than a personal preference, it is reasonable for the ALJ to conclude that the level or frequency of treatment is inconsistent with the alleged severity of complaints.  *Molina*, 674 F.3d at 1113-14. But when the evidence suggests lack of mental health treatment is partly due to a

claimant's mental health condition, it may be inappropriate to consider a

claimant's lack of mental health treatment when evaluating the claimant's failure

to participate in treatment. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

The ALJ noted that Plaintiff had gaps in his treatment for his physical

impairments, and he had few and irregular visits for his back pain.  Tr. 23.

Plaintiff was seen for his back pain in July 2018 and then did not seek treatment

for his back pain again until March 2019.  Tr. 22-23.  Several of the visits were for

injury exacerbations and transient symptoms.  *Id.*, Tr. 734-35, 738, 783-85.

Plaintiff argues he structured his activities in a way to minimize his pain, which

reduced his need for treatment, and he utilized the recommended forms of

treatment including warm/ice packs and medication.  ECF No. 17 at 8-9.  Plaintiff

also notes he was rejected as a surgical candidate in 2015 due to his weight and

other factors.  *Id.*  Plaintiff reported he was told he was not a surgical candidate

due to the opiates he was on, and the provider suggested he lose weight, but after

stopping opiates, Plaintiff admitted in May 2018 he still had not gone back for

surgical re-evaluation.  Tr. 734.  Plaintiff argues he saw a neurosurgeon in 2019 for

trigger point injections after he had weaned off opiates.  ECF No. 17 at 7 (citing

Tr. 842).  However, Plaintiff listed the medications he was on in 2016, and none of

the medications were opiates; medical records from 2016 indicate Plaintiff

discontinued pain medication due to his marijuana use.  Tr. 348, 369.  None of

ORDER - 15

Plaintiff's records after 2016 list any opiates as current medications. *See, e.g.,* Tr. 444, 734, 844. At his hearing in 2015, Plaintiff testified he was taking opiates, Tr. 58, but at his 2020 hearing, he testified he had transferred to using marijuana rather than opiates, Tr. 86-87. Despite ceasing opiate use by 2016, Plaintiff did not seek a re-evaluation for surgery, nor did he try other methods of treatment such as trigger point injections until October 2019. Plaintiff does not offer any other explanation as to why he did not seek additional care for his back impairment.

The ALJ also found Plaintiff had gaps in his treatment for his mental health symptoms. Tr. 24. Plaintiff sought only intermittent treatment from his alleged onset date in October 2017 through late 2018 when he began routine counseling visits. *Id.* Plaintiff saw a counselor for four months before discontinuing counseling after an issue with his treatment provider. Tr. 694-733, 776. He reported in July 2019 he did not want to return to counseling, and he had his primary care provider handle his mental health medications. Tr. 776, 797. In June 2019, Plaintiff was referred to a psychiatrist, and in August 2019, Plaintiff was "strongly encouraged" by his primary care physician to return to counseling. Tr. 791, 804. There are no counseling records that indicate Plaintiff returned to counseling nor saw a psychiatrist. Plaintiff does not address his lack of mental health treatment and does not offer an explanation for the gaps in his treatment. On this record, the ALJ reasonably found Plaintiff's symptom claims were

inconsistent with Plaintiff's lack of treatment.  This was a clear and convincing

reason to reject Plaintiff's symptom claims.

### 4. Work History

The ALJ found Plaintiff's symptom claims were inconsistent with Plaintiff's

work history.  Tr. 26.  Evidence of a poor work history that suggests a claimant is

not motivated to work is a permissible reason to discredit a claimant's testimony

that she is unable to work.  *Thomas*, 278 F.3d at 959; SSR 96-7 (factors to consider

in evaluating credibility include "prior work record and efforts to work"); *Smolen*

*v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); 20 C.F.R. § 416.929 (work record

can be considered in assessing credibility).

Plaintiff alleges disability beginning May 12, 2016 (amended to October 17,

2017) however the ALJ noted Plaintiff had not worked since 2011.  Tr. 26.  During

the years when Plaintiff worked between 1997 and 2011, he did not earn

substantial gainful activity most years, and had two years with zero earnings.  *Id.*,

Tr. 243.  The ALJ found such evidence of Plaintiff's minimal work history

suggested Plaintiff had never been inclined to work full-time, regardless of his

impairments.  Tr. 26.  Plaintiff argues the ALJ erred in finding his work history is

inconsistent with his symptom claims, because Plaintiff's mental health symptoms

stem from events that occurred in his adolescent years, which accounts for his lack

of employment even before the alleged onset date.  ECF No. 17 at 10.  However,

ORDER - 17

Plaintiff was able to obtain a college degree, and work at a substantial gainful activity level for two years, despite any symptoms stemming from the events and despite any chronic mental health conditions. *See* Tr. 243, 696. Plaintiff also has been previously found to not be disabled for a portion of the time Plaintiff alleges he was impacted by the ongoing limitations. Tr. 97-117. The ALJ reasonably concluded Plaintiff's work history is inconsistent with his symptom claims. This was a clear and convincing reason to discount Plaintiff's symptom complaints. Plaintiff is not entitled to remand on these grounds.

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in his consideration of the opinions of Nicolas DeJong, PA-C; Caleb Knight, PA-C; Tad White, D.O.; and R.A. Cline, Psy.D. ECF No. 17 at 10-21.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all

ORDER - 18

medical opinions or prior administrative medical findings from medical sources.

20 C.F.R. § 416.920c(a) and (b).  The factors for evaluating the persuasiveness of

medical opinions and prior administrative medical findings include supportability,

consistency, relationship with the claimant (including length of the treatment,

frequency of examinations, purpose of the treatment, extent of the treatment, and

the existence of an examination), specialization, and "other factors that tend to

support or contradict a medical opinion or prior administrative medical finding"

(including, but not limited to, "evidence showing a medical source has familiarity

with the other evidence in the claim or an understanding of our disability

program's policies and evidentiary requirements").  20 C.F.R. § 920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore

the ALJ is required to explain how both factors were considered.  20 C.F.R. §

416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence
> and supporting explanations presented by a medical source are to
> support his or her medical opinion(s) or prior administrative
> medical finding(s), the more persuasive the medical opinions or
> prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior
> administrative medical finding(s) is with the evidence from other
> medical sources and nonmedical sources in the claim, the more
> persuasive the medical opinion(s) or prior administrative medical
> finding(s) will be.

ORDER - 19

1    20 C.F.R. § 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how

2    the other factors were considered.  20 C.F.R. § 416.920c(b)(2).  However, when

3    two or more medical opinions or prior administrative findings "about the same

4    issue are both equally well-supported ... and consistent with the record ... but are

5    not exactly the same," the ALJ is required to explain how "the other most

6    persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R.

7    § 416.920c(b)(3).

8          The parties disagree over whether Ninth Circuit case law continues to be

9    controlling in light of the amended regulations, specifically whether the "clear and

10   convincing" and "specific and legitimate" standards still apply.  ECF No. 17 at 10-

11   13; ECF No. 21 at 3-5.  "It remains to be seen whether the new regulations will

12   meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's

13   reasoning and whether the Ninth Circuit will continue to require that an ALJ

14   provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis

15   of medical opinions, or some variation of those standards." *Gary T. v. Saul*, No.

16   EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29,

17   2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3

18   (W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer

19   to the new regulations, even where they conflict with prior judicial precedent,

20   unless the prior judicial construction 'follows from the unambiguous terms of the

ORDER - 20

statute and thus leaves no room for agency discretion.'"  *Gary T.,* 2020 WL

3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet*

*Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d

Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld

unless 'they exceeded the Secretary's authority [or] are arbitrary and

capricious.'").

There is not a consensus among the district courts as to whether the "clear

and convincing" and "specific and legitimate" standards continue to apply.  *See,*

*e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash.

Nov. 10, 2020) (applying the specific and legitimate standard under the new

regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal.

Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*,

2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new

regulations displace the treating physician rule and the new regulations control);

*Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D.

Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and

legitimate nor clear and convincing standard).  This Court has held that an ALJ did

not err in applying the new regulations over Ninth Circuit precedent, because the

result did not contravene the Administrative Procedure Act's requirement that

decisions include a statement of "findings and conclusions, and the reasons or basis

ORDER - 21

therefor, on all the material issues of fact, law, or discretion presented on the record." *See, e.g., Jeremiah F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL 4071863, at *5 (E.D. Wash. Sept. 7, 2021). Nevertheless, it is not clear that the Court's analysis in this matter would differ in any significant respect under the specific and legitimate standard set forth in *Lester*, 81 F.3d at 830-31.

### 1. Mr. DeJong

On August 25, 2017, Mr. DeJong, a treating physician assistant, rendered an opinion on Plaintiff's functioning. Tr. 363-67 (duplicated at Tr. 563-67). Mr. DeJong stated Plaintiff had been diagnosed with an anterior compression deformity of T11 and T12, and thoracic midline back pain. Tr. 364. He opined Plaintiff's anterior compression deformity caused marked limitations in Plaintiff's ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, and crouch, while Plaintiff's thoracic back pain causes moderate limitations in Plaintiff's ability to sit, stand, walk, lift, carry, handle, push, and pull. *Id.* He further opined Plaintiff is limited to sedentary work, standing for long periods causes pain, Plaintiff cannot lift greater than 20 pounds, sitting upright for long periods causes pain, and the limitations were expected to last 12 months with treatment. Tr. 364-65. The ALJ found Mr. DeJong's opinion was unpersuasive. Tr. 26.

First, the ALJ found Mr. DeJong provided minimal support for his opinion. Tr. 27. Supportability is one of the most important factors an ALJ must consider

when determining how persuasive a medical opinion is.  20 C.F.R. §

416.920c(b)(2).  The more relevant objective evidence and supporting explanations

that support a medical opinion, the more persuasive the medical opinion is.  20

C.F.R. § 416.920c(c)(1).  Mr. DeJong listed Plaintiff's diagnoses, symptoms,

complaints, and Plaintiff's treatment history, cited to imaging, and included a

range of motion evaluation chart.  Tr. 563-65.  However, the range of motion

evaluation was entirely normal except Plaintiff's back extension was limited by ten

degrees.  Tr. 566.  Mr. DeJong wrote that standing for long periods of time causes

pain, Plaintiff cannot lift more than 20 pounds due to pain and sitting upright for

long periods of time causes exacerbation of pain, Tr. 564, but Mr. DeJong did not

cite to any objective evidence nor did he attach any chart notes detailing the

examination findings, besides the range of motion, to support the opinion.  While

Mr. DeJong opined Plaintiff has moderate to marked limitations in multiple work

activities, he does not provide any explanation as to why Plaintiff would have

marked limitations in sitting, standing, walk, lifting, carrying, handling, pushing,

pulling, reaching, stooping, and crouching.  Tr. 364.  The ALJ reasonably found

Mr. DeJong provided minimal support for his opinion.

Second, the ALJ found Mr. DeJong appears to have relied primarily on

Plaintiff's self-reported limitations.  Tr. 27.  As supportability is one of the most

important factors an ALJ must consider when determining how persuasive a

medical opinion is, 20 C.F.R. § 416.920c(b)(2), a medical provider's reliance on a Plaintiff's unsupported self-report is a relevant consideration when determining the persuasiveness of the opinion. Mr. DeJong's opinion discusses Plaintiff's self-reported pain causing his limitations but does not provide any other explanation for Plaintiff's limitations. Tr. 363-65. The only examination accompanying the opinion is a largely normal range of motion examination. Tr. 366. The imaging Mr. DeJong cited to documented only mild findings. Tr. 27, 364, 523. As Mr. DeJong's opinion is also inconsistent with the objective evidence as a whole, the ALJ reasonably found Mr. DeJong's opinion appears to have relied primarily on Plaintiff's self-reported limitations.

Third, the ALJ found Mr. DeJong's opinion was inconsistent with the objective evidence. Tr. 27. The more relevant objective evidence there is that supports a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. § 416.920c(c)(1). At the August 2017 examination, Mr. DeJong noted Plaintiff had decreased spinal flexion due to pain, but he did not document any other abnormalities on examination. Tr. 572-73. As discussed *supra,* the records generally demonstrate that Plaintiff sought intermittent treatment, often for acute issues, and he generally exhibited normal gait, strength, and only intermittent lumbar range of motion limitations. Tr. 27. While Plaintiff offers a different

interpretation of the evidence, ECF No. 17 at 16-17, the ALJ reasonably found Mr.

DeJong's opinion was inconsistent with the objective evidence.

Lastly, the ALJ gave more weight to the State agency consultant's opinions

than he gave to Mr. DeJong's opinion.  Tr. 27.  The ALJ must explain how the

supportability and consistency factors were considered when evaluating opinions.

20 C.F.R. § 416.920c(b)(2).  The ALJ considered both supportability and

consistency when evaluating Mr. DeJong's opinion and the State agency opinions.

Tr. 26-27.  The State agency consultants opined Plaintiff is able to perform light

work with additional limitations, which the ALJ found was persuasive due to the

references to the record, and the consistency of the opinions with the record.  Tr.

26.  The ALJ reasonably found the State agency opinions were more persuasive

than Mr. DeJong's opinion.

*2.  Mr. Knight*

On June 20, 2018, Mr. Knight, a treating physician assistant, stated Plaintiff

had been diagnosed with thoracic back pain from an anterior compression

fracture/deformity of T11 and T12, degenerative disc disease of the lumbar spine,

and Scheuermann kyphosis.  Tr. 615.  Mr. Knight opined Plaintiff needs to lay

down for greater than one hour per day; he is unable to do continuous work for

more than one hour; Plaintiff would miss four or more days per month if he tried to

work full time; and he is unable to maintain a single position for more than one hour. Tr. 616. The ALJ found Mr. Knight's opinion was unpersuasive. Tr. 26.

First, the ALJ found Mr. Knight provided minimal support for his opinion. Tr. 27. Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. § 416.920c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. § 416.920c(c)(1). Mr. Knight listed Plaintiff's diagnoses, symptoms, and treatment, and cited to Plaintiff's spinal x-ray and tenderness to palpation as evidence of his impairments. Tr. 615. However, the imaging showed only mild to moderate findings. Tr. 21-22, 523, 605-06. While Plaintiff has had tenderness at some examinations, at other examinations, he did not have any tenderness. Tr. 22, 356, 385, 445, 850. As Mr. Knight opined Plaintiff has significant limitations including being unable to do continuous work for more than one hour and needing to lie down for more than one hour per day, such limitations are not supported by Plaintiff's mild to moderate findings on imaging and tenderness at only some appointments, without any further support offered for such significant limitations. The ALJ reasonably found Mr. Knight provided minimal support for his opinion.

Second, the ALJ found Mr. Knight's opinion was inconsistent with the objective evidence. Tr. 27. The more relevant objective evidence there is that

ORDER - 26

supports a medical opinion, the more persuasive the medical opinion is.  20 C.F.R.

§ 416.920c(c)(1).  As discussed *supra,* the records generally demonstrate that

Plaintiff sought intermittent treatment, often for acute issues, and he generally

exhibited normal gait, strength, and only intermittent lumbar range of motion

limitations.  Tr. 27.  The ALJ reasonably found Mr. Knight's opinion is

inconsistent with the objective evidence.

Third, the ALJ found Mr. Knight's opinion largely relied on Plaintiff's self-

report.  Tr. 27.  As supportability is one of the most important factors an ALJ must

consider when determining how persuasive a medical opinion is, 20 C.F.R. §

416.920c(b)(2), a medical provider's reliance on a Plaintiff's unsupported self-

report is a relevant consideration when determining the persuasiveness of the

opinion.  While Mr. Knight cited to Plaintiff's imaging and tenderness on

examination, as discussed *supra,* the cited evidence alone does not support the

significant limitations contained in Mr. Knight's opinion.  Given the lack of

objective evidence and explanation to support the opinion, the ALJ reasonably

found Mr. Knight appears to have relied on Plaintiff's self-reported limitations.

Lastly, the ALJ gave more weight to the State agency opinions than he gave

to Mr. Knight's opinion.  Tr. 27.  The ALJ must explain how the supportability and

consistency factors were considered when evaluating opinions.  20 C.F.R. §

416.920c(b)(2).  As discussed *supra*, the ALJ considered the supportability and

ORDER - 27

consistency of the opinions and reasonably found the State agency opinions were more persuasive.

### 3. Dr. White

#### a. Opinions on Physical Functioning

Dr. White, a treating provider, rendered two opinions on Plaintiff's physical functioning. On July 10, 2019,[3] Dr. White diagnosed Plaintiff with Scheuermann Kyphosis and chronic midline mid-back pain and opined Plaintiff's conditions cause marked limitations in Plaintiff's ability to stand, walk, lift, carry, push, pull, and stoop. Tr. 626. He further opined Plaintiff is limited to sedentary work, and the limitations are expected to last nine months with treatment. Tr. 627.

On July 15, 2019, Dr. White diagnosed Plaintiff with Scheuermann kyphosis, compression of T11 and T12, degenerative joint disease of the lumbar spine, chronic midline thoracic back pain, and chronic lumbar pain. Tr. 617. Dr. White opined Plaintiff's medication "may" cause sedation; Plaintiff does not need to lie down during the day; Plaintiff would miss four or more days per month if he worked full-time; and working on a regular and continuous basis would cause Plaintiff's condition to deteriorate if it was physically demanding work, including

---

[3] Plaintiff states the opinion was rendered in July 2010, but cites to the July 2019 opinion, thus this appears to be a typographical error. ECF No. 17 at 14.

ORDER - 28

requiring lifting more than ten pounds or standing for prolonged periods.  Tr. 618.
The ALJ found both opinions unpersuasive.  Tr. 26-27.

First, the ALJ found Dr. White's opinions were not supported by the
objective medical evidence.  Tr. 27.  The more relevant objective evidence there is
that supports a medical opinion, the more persuasive the medical opinion is.  20
C.F.R. § 416.920c(c)(1).  As discussed *supra,* the records generally demonstrate
that Plaintiff sought intermittent treatment, often for acute issues, and he generally
exhibited normal gait, strength, and only intermittent lumbar range of motion
limitations.  Tr. 27.  The ALJ noted that Dr. White found Plaintiff's range of
motion was well within normal limits, and Plaintiff's symptoms were improving
with physical therapy, and could improve further with weight loss.  *Id.*  The ALJ
reasonably found Dr. White's opinion was inconsistent with the objective medical
evidence.

Second, the ALJ found Dr. White's two opinions on Plaintiff's physical
functioning were inconsistent with one another.  Tr. 26-27.  As supportability is
one of the most important factors when evaluating an opinion, a medical provider's
supporting explanations for inconsistent opinions is a relevant consideration.  *See*
20 C.F.R. § 416.920c(c)(2).  In the July 10, 2019 opinion, Dr. White opined that
Plaintiff is capable of sedentary work.  Tr. 627.  However, on July 15, 2019
opinion, Dr. White opined Plaintiff is incapable of sustaining work as Plaintiff

ORDER - 29

would miss four or more days per month of work.  Tr. 618.  Plaintiff argues Dr.

White's opinions are not inconsistent, because the July 10 questionnaire did not

ask Dr. White if Plaintiff would have absences from work.  ECF No. 17 at 14.

However, the ALJ reasonably found the opinions were inconsistent, because Dr.

White opined Plaintiff was capable of sustaining sedentary work in a regular

predictable manner, which is defined on the form as meaning they can work a

normal workday and workweek on an ongoing basis, Tr. 627, which is inconsistent

with his opinion that Plaintiff would miss four or more days per month, Tr. 618.

Further, Dr. White did not provide any explanation for the inconsistency between

his opinions, nor did he cite to objective evidence to support the July 10 opinion

beyond referencing the spinal imaging.  The ALJ reasonably found the opinions

were unpersuasive because they are inconsistent with one another.

Third, the ALJ found Dr. White's opinions relied on Plaintiff's self-reported

limitations.  Tr. 27.  As supportability is one of the most important factors an ALJ

must consider when determining how persuasive a medical opinion is, 20 C.F.R. §

416.920c(b)(2), a medical provider's reliance on a Plaintiff's unsupported self-

report is a relevant consideration when determining the persuasiveness of the

opinion.  As discussed *supra,* Dr. White did not set forth an explanation as to why

he believed Plaintiff was either limited to sedentary work or unable to sustain work

due to attendance, and he cited only to the spinal imaging in support of his July 10

ORDER - 30

opinion.  Tr. 626.  Dr. White otherwise listed Plaintiff's diagnoses and symptoms, and stated Plaintiff had reduced range of motion and spinal imaging to support the opinion.  Tr. 617.  However, as discussed *supra,* Plaintiff had normal range of motion at some appointments and only mild to moderate findings on imaging.  Dr. White also opined Plaintiff's baclofen "may cause sedation" but did not cite to any references in the record where Plaintiff has reported sedation, *Id.,* and the ALJ noted Plaintiff did not appear sleepy or sedated at appointments, Tr. 27.  The ALJ reasonably found Dr. White appeared to rely on Plaintiff's self-report.

Lastly, the ALJ gave more weight to the State agency opinions than he gave to Dr. White's opinions.  Tr. 27.  The ALJ must explain how the supportability and consistency factors were considered when evaluating opinions.  20 C.F.R. § 416.920c(b)(2).  As discussed *supra*, the ALJ considered the supportability and consistency of the opinions and reasonably found the State agency opinions were more persuasive.

### b.  Opinion on Mental Functioning

On July 15, 2019, Dr. White completed a questionnaire addressing Plaintiff's mental impairments.  Tr. 620-23.  Dr. White did not list any diagnoses but opined Plaintiff has mild limitations in his ability to understand and remember detailed instructions, carry out detailed instructions, sustain an ordinary routine without special supervision, make simple work-related decisions, interact

ORDER - 31

appropriately with the general public, ask simple questions or request assistance, travel in unfamiliar places or use public transportation, and set realistic goals or make plans independently of others; marked limitations in his ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, work in coordination with or proximity to others without being distracted by them, and complete a normal workday/workweek without interruptions from psychologically-based symptoms, perform at a consistent pace without an unreasonable number/length of rest periods, get along with coworkers/peers without distracting them or exhibiting behavioral extremes, maintain socially appropriate behavior and adhere to basic standards of neatness/cleanliness, and respond appropriately to changes in the work setting; and Plaintiff has no significant limitations in the remaining areas of functioning. Tr. 620-61. Dr. White further opined Plaintiff has no limitation in his ability to understand, remember or apply information, moderate limitations in his ability to interact with others, and marked limitations in his ability to concentrate, persist or maintain pace and adapt or manage oneself; he also opined Plaintiff meets the "C" criteria of mental listings, Plaintiff would be off-task more than 30 percent of the

ORDER - 32

time if he worked full-time, and he would miss four or more day per month.  Tr. 622.  The ALJ found the opinion was not persuasive.  Tr. 29.

First, the ALJ found the opinion was internally inconsistent and demonstrated a limited understanding of the functional rating system.  *Id.*  As supportability is one of the most important factors when evaluating an opinion, a medical provider's supporting explanations for an internally inconsistent opinion is a relevant consideration.  *See* 20 C.F.R. § 416.920c(c)(2).  Further, a source's familiarity with the Social Security disability program's policies and evidentiary requirements is a relevant consideration.  *See* 20 C.F.R. § 416.920c(c)(5).  The ALJ noted that Dr. White's opinion was inconsistent, because while he opined Plaintiff had marked limitations in working in coordination with others and maintaining socially appropriate behavior, he also opined Plaintiff had only moderate limitations in interacting with others.  Tr. 29, 620-22.  The ALJ found this inconsistency demonstrated that Dr. White did not understand Social Security's method of psychiatric functional assessment.  Tr. 29.  Dr. White also opined Plaintiff has a severe limitation in accepting instructions and responding appropriately to criticism from supervisors, though he opined Plaintiff also had two mild social interaction limitations.  Tr. 621.  Plaintiff did not address this issue.  The ALJ reasonably found Dr. White's opinion was internally inconsistent and demonstrated a lack of understanding of the functional assessment.

ORDER - 33

Second, the ALJ found Dr. White did not provide support for his opinion through a narrative nor in his treatment notes. Tr. 29. The more relevant objective evidence and supporting explanation there is that supports a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. § 416.920c(c)(1). Dr. White's opinion consists of checked boxes, without any supporting explanation. Tr. 620-23. Plaintiff argues Dr. White's opinion is supported by his treatment records, but points to only a single incident when Plaintiff was observed as agitated, aggressive, and impulsive. ECF No. 17 at 21 (citing Tr. 803). While Plaintiff also had some abnormalities at counseling appointments, the records generally document a lack of mental health treatment and normal mental findings, as discussed herein. The ALJ reasonably found Dr. White's opinion lacked supporting explanation or evidence.

Third, the ALJ found Dr. White's opinion was inconsistent with the record as a whole. Tr. 29. Consistency is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. § 416.920c(b)(2). The more consistent an opinion is with the evidence from other sources, the more persuasive the opinion is. 20 C.F.R. § 416.920c(c)(2). As discussed *supra,* Plaintiff has had limited mental health treatment, and he has generally had normal mental status findings, including normal mood, affect, speech, behavior, attention, concentration, memory, and eye contact, though he at

times appeared anxious or depressed.  The ALJ reasonably found Mr. White's

opinion was inconsistent with the record as a whole.

### 4. Dr. Cline

On June 14, 2016, Dr. Cline, an examining provider, rendered an opinion on

Plaintiff's functioning.  Tr. 347-52.  On September 19, 2017, Dr. Cline again

rendered an opinion on Plaintiff's functioning.  Tr. 552-56.  Plaintiff argues the

ALJ erred in rejecting Dr. Cline's 2017 opinion, however Plaintiff discusses and

cites to Dr. Cline's 2016 opinion.  ECF No. 17 at 18.  Plaintiff then addresses some

of the reasons the ALJ gave to reject the 2016 opinion and some for the 2017

opinion.  *Id.*  Thus, it is not clear which opinion Plaintiff intended to address.  As

such, the Court addresses both the 2016 and 2017 opinions.

In the June 2016 opinion, Dr. Cline diagnosed Plaintiff with PTSD; major

depressive disorder, recurrent, moderate; and a provisional diagnosis of borderline

personality disorder.  Tr. 349.  Dr. Cline opined Plaintiff's trauma-related

symptoms and depression symptoms are moderate in severity, and Plaintiff's

maladaptive personality traits are marked in severity.  Tr. 348-49.  Dr. Cline

further opined Plaintiff has no to mild limitations in his ability to understand,

remember, and persist in tasks by following very short and simple instructions,

understand, remember, and persist in tasks by following detailed instructions,

perform activities within a schedule, maintain regular attendance, and be punctual

within customary tolerances without special supervision, learn new tasks, perform

routine tasks without special supervision, be aware of normal hazards and take

appropriate precautions, and ask simple questions or request assistance; moderate

limitations in his ability to adapt to changes in a routine work setting, make simple

work-related decisions, communicate and perform effectively in a work setting,

and set realistic goals and plan independently; and marked limitations in his ability

to maintain appropriate behavior in a work setting and complete and normal

workday/workweek without interruptions form psychologically-based symptoms.

Tr. 349-50.  She opined Plaintiff's impairments overall cause moderate limitations,

and his limitations are expected to last nine to 12 months with treatment.  Tr. 350.

In the September 2017 opinion, Dr. Cline diagnosed Plaintiff with PTSD;

major depressive disorder, recurrent, moderate; unspecified anxiety disorder with

features of generalized anxiety disorder; borderline personality disorder; and

marijuana use disorder, in early reported remission.  Tr. 554.  Dr. Cline opined

Plaintiff's trauma related symptoms are moderate to marked in severity; his

depressive disorder and maladaptive personality traits are marked in severity; and

his anxiety is moderate in severity.  Tr. 553-54.  Dr. Cline further opined Plaintiff

has no to mild limitations in understanding, remember, and persisting in tasks by

following very short and simple instructions, learning new tasks, adapting to

changes in the work setting, and making simple work-related decisions; moderate

limitations in his ability to understand, remember, and persist in tasks by following

detailed instructions, perform activities within a schedule, maintain regular

attendance, and be punctual within customary tolerances without special

supervision, perform routine tasks without special supervision, be aware of normal

hazards and take appropriate precautions, ask simple questions or request

assistance, maintain appropriate behavior in a work setting, and set realistic goals

and plan independently; and marked limitations in his ability to communicate and

perform effectively in a work setting and complete a normal workday/workweek

without interruptions from psychologically-based symptoms.  Tr. 554-55.  She

opined Plaintiff's impairments overall have a moderate severity rating, and his

limitations are expected to last six to 12 months with treatment.  Tr. 555.  The ALJ

found both Dr. Cline's opinions unpersuasive.  Tr. 29.

First, the ALJ found Dr. Cline's 2017 opinion was not supported by her

examination findings.  *Id.*  The more relevant objective evidence there is that

supports a medical opinion, the more persuasive the medical opinion is.  20 C.F.R.

§ 416.920c(c)(1).  The ALJ noted that while Dr. Cline opined Plaintiff had marked

limitations in his ability effectively communicate and complete a normal workday,

he appeared to have an only slightly dysthymic affect, was cooperative, had fair

concentration and a normal memory and speech.  Tr. 29.  Plaintiff also had normal

appearance, attitude, behavior, orientation, fund of knowledge, and abstract

thought, although he had some abnormalities in thoughts, perception, and insight. Tr. 556.  However, Dr. Cline did not explain any correlation between the abnormalities on examination and her opinion that Plaintiff has marked limitations in his ability to communicate and perform effectively in a work setting, despite communicating normally on examination, and normal performance on many portions of the examination, nor how the largely normal examination supports an opinion that Plaintiff has a marked limitation in completing a normal workday/workweek.  Tr. 554-56.

Plaintiff argues Dr. Cline's 2017 opinion is supported by her examination, including her observations and review of the records, but Plaintiff discusses and cites to Dr. Cline's 2016 examination and opinion.  ECF No. 17 at 19.  In 2017, the only record Dr. Cline reviewed was her own prior examination of Plaintiff.  Tr. 552.  The prior examination also documented normal orientation, memory, fund of knowledge, concentration, insight, and judgment, although Plaintiff had some abnormalities in abstract thought and perception.  Tr. 351-52.  His speech at the examination was soft but normal.  Tr. 351.  At that examination, Dr. Cline opined Plaintiff had an only moderate limitation in his ability to communicate and perform effectively in the work setting.  Tr. 350.  While Plaintiff offers a different interpretation of the evidence, the ALJ reasonably found Dr. Cline's 2017 opinion was not supported by her examination.  *See Tommasetti*, 533 F.3d at 1038

ORDER - 38

1  ("[W]hen the evidence is susceptible to more than one rational interpretation" the

2  court will not reverse the ALJ's decision).

3      Second, the ALJ found Dr. Cline's 2017 opinion was inconsistent with the

4  record as a whole.  Tr. 29.  Consistency is one of the most important factors an ALJ

5  must consider when determining how persuasive a medical opinion is.  20 C.F.R. §

6  416.920c(b)(2).  The more consistent an opinion is with the evidence from other

7  sources, the more persuasive the opinion is.  20 C.F.R. § 416.920c(c)(2).  As

8  discussed *supra*, Plaintiff had limited mental health treatment, and largely normal

9  mental status examination findings.  The ALJ also noted there is a lack of support

10 in the records for Dr. Cline's opinion that Plaintiff has marked limitations in

11 communicating effectively or managing his symptoms, given his generally normal

12 behavior, speech, cooperation, and thoughts.  Tr. 29.  Plaintiff again argues the

13 record supports Dr. Cline's opinion, citing to a single incident of agitation and

14 aggression.  ECF No. 17 at 20.  However, the ALJ reasonably found Dr. Cline's

15 opinion is inconsistent with the record as a whole.

16     Third, the ALJ found Dr. Cline's 2017 opinion appear to have been based

17 primarily on Plaintiff's self-report.  Tr. 29.  The more relevant objective evidence

18 and supporting explanation there is that supports a medical opinion, the more

19 persuasive the medical opinion is.  20 C.F.R. § 416.920c(c)(1).  As discussed

20 *supra,* Dr. Cline's opinion lacked support from her examination and the record as a

whole.  As such, the ALJ reasonably found Dr. Cline's 2017 opinion appeared to

be based on Plaintiff's self-report.

Lastly, the ALJ found Dr. Cline' 2016 opinion was not persuasive because it

is remote to the relevant period and not helpful in assessing whether Plaintiff was

disabled from October 2017 onward.  Tr. 29.  The ALJ must consider all of the

medical opinion evidence of record. 20 C.F.R. § 416.920c; *see also Tommasetti*,

533 F.3d at 1041.  The ALJ considered Dr. Cline's 2016 opinion, but found it was

not persuasive because it was rendered prior to the relevant period.  Tr. 29.  Dr.

Cline rendered the opinion in June 2016, and she opined the limitation were only

expected to last nine to 12 months.  Tr. 350.  As the ALJ was assessing whether

Plaintiff was disabled from October 2017 onward, and Dr. Cline opined the

limitations would likely end by June 2017, the ALJ reasonably found the opinion

was not persuasive.  Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the

ALJ's decision is supported by substantial evidence and free of harmful legal error.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 21**, is

**GRANTED**.

ORDER - 40

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED March 17, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 41